LAWRENCE G. BROWN
United States Attorney
JOHN K. VINCENT
SEAN C. FLYNN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700

# SEALED FILED

OCT 1 5 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:09-cr--436 MCE |
| Plaintiff, | |
| | VIOLATIONS: 18 U.S.C. § 371 - Conspiracy; 26 U.S.C. § 7206(1) - Subscribing to a False Tax Return (2 counts); 42 U.S.C. § 408(a)(4) - Failure to Disclose Event Affecting Payment; 18 U.S.C. § 641 - Theft of Government Funds; 42 U.S.C. § 408(a)(3) - False Statement for Use in Determining Rights to Payment |
| v. | |
| OBED UR RAHMAN, MOHAMMAD NASIR KHAN, and SHAKER AHMED, | |
| Defendants. | |

I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 371 - Conspiracy]

The Grand Jury charges:

OBED UR RAHMAN, MOHAMMAD NASIR KHAN, and
SHAKER AHMED,

defendants herein, as follows:

Introduction

At all relevant times:

1.   Internal Revenue Code Section 1031 (26 U.S.C. § 1031)

1

1  provided that no taxable gain would be recognized on the sale of
2  property (the "relinquished property") held for use in trade,
3  business, or investment if the proceeds of the sale were used to buy
4  like-kind property (the "replacement property"), if certain
5  requirements were met.  The replacement property had to be identified
6  within 45 days of the sale of the relinquished property and acquired
7  within 180 days.  The purchase price of the replacement property also
8  had to equal or exceed the proceeds of the relinquished property in
9  order to avoid paying tax on the taxable gain.

## The Conspiracy

11      2.   From approximately March 1, 2004 to in or about April 2005,
12  in the State and Eastern District of California, defendants OBED UR
13  RAHMAN, MOHAMMAD NASIR KHAN, and SHAKER AHMED did willfully and
14  knowingly conspire, combine, confederate, and agree together and with
15  each other to defraud the United States by deceit and dishonest means
16  for the purpose of impeding, impairing, obstructing, and defeating
17  the lawful Government functions of the Internal Revenue Service of
18  the Treasury Department in the ascertainment, computation,
19  assessment, and collection of the revenue: to wit, income taxes.

## Manner and Means

21      The manner and means by which the conspiracy was sought to be
22  accomplished included, among others, the following:

23      3.   Defendant OBED UR RAHMAN sold the duplex (the relinquished
24  property) located at 1233 and 1235 East Tenth Street, Stockton,
25  California (hereinafter "the duplex on East Tenth Street") as part of
26  an exchange under 26 U.S.C. § 1031.  Defendant MOHAMMAD NASIR KHAN
27  was a silent owner of the duplex on East Tenth Street.

28      4. Defendants OBED UR RAHMAN and MOHAMMAD NASIR KHAN, as part of

2

the exchange under 26 U.S.C. § 1031, purchased replacement property
from defendant SHAKER AHMED for $224,000, which was a falsely
inflated price.

5. Defendant SHAKER AHMED subsequently refunded approximately
$139,555 of the overpayment to defendants OBED UR RAHMAN and MOHAMMAD
NASIR KHAN.

6. Defendants OBED UR RAHMAN and MOHAMMAD NASIR KHAN each
subsequently filed and caused the filing of a false U.S. Individual
Income Tax Return for tax year 2004.  Each claimed there was no
taxable gain from the sale of the duplex on East Tenth Street as a
result of the aforementioned 1031 exchange in which the price of the
replacement property was falsely inflated.

## Overt Acts

In furtherance of the conspiracy, and to effect the objects
thereof, the following overt acts were committed in the State and
Eastern District of California, and elsewhere:

7.   In April 2004, defendant OBED UR RAHMAN entered into a "1031
Tax Deferred Exchange Agreement" with an entity known to the Grand
Jury which handled property exchanges pursuant to Internal Revenue
Code Section 1031.

8.   Defendant OBED UR RAHMAN represented in that agreement and
attached materials that he was going to sell the duplex on East Tenth
Street (the relinquished property) and that he would subsequently
identify property he would buy as replacement property to qualify for
the 1031 exchange.

9.   On approximately May 25, 2004, defendant OBED UR RAHMAN,
through an exchange company, sold the duplex on East Tenth Street
(the relinquished property) for approximately $239,000.00.  Defendant

3

1  MOHAMMAD NASIR KHAN was a silent owner of the duplex on East Tenth
2  Street.   From this sale, defendants received approximately
3  $223,931.44, thereby generating a taxable gain in tax year 2004.

4      10. On approximately June 29, 2004, defendant OBED UR RAHMAN
5  entered into a purchase agreement to buy from defendant SHAKER AHMED
6  a residence located at 1902 East Sonora Street, Stockton, CA
7  (hereinafter "the residence on East Sonora Street") for $100,000.00.
8  Defendant SHAKER AHMED did not own the residence on East Sonora
9  Street at the time of the agreement.

10     11.  Subsequently, in July 2004, defendant SHAKER AHMED
11  purchased the residence on East Sonora Street for approximately
12  $30,000.

13     12.  On approximately August 18, 2004, defendant OBED UR RAHMAN
14  gave a power of attorney to defendant MOHAMMAD NASIR KHAN, which
15  authorized defendant MOHAMMAD NASIR KHAN to buy and sell property for
16  defendant OBED UR RAHMAN.

17     13.  On approximately August 26, 2004, the purchase agreement
18  between defendants OBED UR RAHMAN and SHAKER AHMED was amended such
19  that the purchase price of the residence on East Sonora Street was
20  increased from $100,000 to $224,000, just over the amount defendant
21  OBED UR RAHMAN received from the sale of the duplex on East Tenth
22  Street.   This occurred after SHAKER AHMED was unable to supply an
23  additional replacement property for the 1031 exchange.

24     14.  On approximately August 31, 2004, defendants OBED UR RAHMAN
25  and MOHAMMAD NASIR KHAN assigned to an exchange company all of their
26  rights, title, and interest under the agreement to buy the residence
27  on East Sonora Street as the replacement property to complete the
28  1031 exchange involving the duplex on East Tenth Street (the

4

1  relinquished property).

2      15.   On approximately September 2, 2004, defendant SHAKER AHMED
3  assigned to an exchange company certain of his rights and obligations
4  under the agreement to sell the residence on East Sonora Street as
5  the replacement property to complete the 1031 exchange involving the
6  duplex on East Tenth Street (the relinquished property).

7      16.   On approximately September 7, 2004, escrow on the residence
8  on East Sonora Street (the replacement property) closed, and the 1031
9  exchange was essentially completed.

10      17.   On approximately October 5, 2004, defendant SHAKER AHMED
11  obtained a cashier's check made payable to defendant OBED UR RAHMAN
12  in the amount of $112,061.00.

13      18.   On approximately October 5, 2004, defendant SHAKER AHMED
14  issued a personal check in the amount of $20,711.78 to defendant OBED
15  UR RAHMAN.

16      19.   On approximately October 6, 2004, the cashier's check and
17  the personal check were deposited into a bank account held jointly by
18  defendants OBED UR RAHMAN, MOHAMMAD NASIR KHAN, and another
19  individual known to the Grand Jury.

20      20.   On approximately January 24, 2005, defendant SHAKER AHMED
21  issued a personal check in the amount of $6,782.46 to another
22  individual known to the Grand Jury.  Appearing in the memo portion of
23  the check was writing which stated "1902 - Sonora."

24      21.   On approximately January 24, 2005, this personal check was
25  deposited into a bank account held jointly by defendants OBED UR
26  RAHMAN, MOHAMMAD NASIR KHAN, and another individual known to the
27  Grand Jury.

28      22.   On approximately April 7, 2005, defendant OBED UR RAHMAN

5

signed and filed, and caused the filing of, a false U.S. Individual
Income Tax Return for tax year 2004 in which he avoided the tax on
the gain of $100,690 from the sale of the duplex on East Tenth Street
as a result of the aforementioned fraudulent 1031 exchange.

23.   On approximately April 8, 2005, defendant MOHAMMAD NASIR
KHAN signed and filed, and caused the filing of, a false U.S.
Individual Income Tax Return for tax year 2004 in which he avoided
the tax on the gain of $105,111 from the sale of the duplex on East
Tenth Street as a result of the aforementioned fraudulent 1031
exchange.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO: [26 U.S.C. § 7206(1) - Subscribing to a False Tax
            Return]

The Grand Jury further charges:  T H A T

OBED UR RAHMAN,

defendant herein, a resident of Stockton, on or about April 7, 2005,
in the State and Eastern District of California, did willfully make
and subscribe a 2004 U.S. Individual Income Tax Return Form 1040
(hereinafter Tax Return) which was verified by a written declaration
that it was made under the penalties of perjury and which defendant
OBED UR RAHMAN did not believe to be true and correct as to every
material matter.  That Tax Return, which was filed with the Director,
Internal Revenue Service Center, at Fresno, California, contained a
Form 8824 in which defendant OBED UR RAHMAN falsely claimed that the
sale of a duplex at 1233 East Tenth Street, Stockton, California was
part of a legitimate like-kind exchange under 26 U.S.C. § 1031,
whereas, as he then and there knew and believed, the like-kind
exchange was fraudulent, and the gain from the sale of the duplex was

taxable as a capital gain, in violation of Title 26, United States Code, Section 7206(1).

COUNT THREE: [26 U.S.C. § 7206(1) - Subscribing to a False Tax Return]

The Grand Jury further charges:  T H A T

MOHAMMAD NASIR KHAN,

defendant herein, a resident of Stockton, on or about April 8, 2005, in the State and Eastern District of California, did willfully make and subscribe a 2004 U.S. Individual Income Tax Return Form 1040 (hereinafter Tax Return) which was verified by a written declaration that it was made under the penalties of perjury and which defendant MOHAMMAD NASIR KHAN did not believe to be true and correct as to every material matter.  That Tax Return, which was filed with the Director, Internal Revenue Service Center, at Fresno, California, contained a Form 8824 in which defendant MOHAMMAD NASIR KHAN falsely claimed that the sale of: a duplex at 1233 East Tenth Street, Stockton, California; a residence at 2842 North F Street, Stockton, California; and a residence at 1545 Belvedere, Stockton, California, were part of legitimate like-kind exchanges under 26 U.S.C. § 1031, whereas, as he then and there knew and believed, the like-kind exchanges were fraudulent, and the gains from the sales of those properties were taxable as capital gains, in violation of Title 26, United States Code, Section 7206(1).

COUNT FOUR: [42 U.S.C. § 408(a)(4) - Failure to Disclose Event Affecting Payment]

The Grand Jury further charges: T H A T

OBED UR RAHMAN,

defendant herein, beginning on or about January 1, 2004 and

7

1  continuing until in or about February 2008, in the State and Eastern
2  District of California, having knowledge of the occurrence of an
3  event affecting his right and the rights of others to payment of
4  Social Security disability benefits, to wit, that he was able to work
5  and had indeed returned to work, intentionally failed to disclose
6  that information to the Social Security Administration, intending
7  fraudulently to secure payment when no payment was authorized,
8  thereby causing a loss of approximately $60,691.00, in violation of
9  Title 42, United States Code, Section 408(a)(4); and Title 18, United
10  States Code, Section 2.

11  COUNT FIVE: [18 U.S.C. § 641 - Theft of Government Funds]

12      The Grand Jury further charges: T H A T

13                          OBED UR RAHMAN,

14  defendant herein, beginning on or about January 1, 2004, and
15  continuing until in or about February 2008, in the State and Eastern
16  District of California, did knowingly convert to his own use and the
17  use of others, money and benefits of the Social Security
18  Administration of the United States of America, totaling
19  approximately $60,691.00, monies to which he was not entitled, all in
20  violation of Title 18, United States Code, Sections 641 and 2.

21  COUNT SIX: [42 U.S.C. § 408(a)(3) - False Statement for Use in
                Determining Rights to Payment]
22

23      The Grand Jury further charges: T H A T

24                          OBED UR RAHMAN,

25  defendant herein, on or about May 2, 2005, in the State and Eastern
26  District of California, in a document entitled Report of Continuing
27  Disability Interview (hereinafter "Report"), did knowingly make and
28  cause to be made a false statement and misrepresentation of a

                                8

1  material fact to the Social Security Administration for use in

2  determining his right to Social Security disability benefits, that

3  is, in response to Question 11 in the Report, defendant OBED UR

4  RAHMAN specified work he had done since he became disabled, which did

5  not include the work he had done buying, renovating, and selling

6  houses, in violation of Title 42, United States Code, Section

7  408(a)(3).

8                                    A TRUE BILL

9   /s/ Signature on file w/AUSA

10                                   FOREPERSON

11

12

13

14  LAWRENCE G. BROWN
    United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. _ _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

2:09 - CR - - 436 MCE

## THE UNITED STATES OF AMERICA

*vs.*

OBED UR RAHMAN,
MOHAMMAD NASIR KHAN, and
SHAKER AHMED

## I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 371 - Conspiracy;
26 U.S.C. § 7206(1) - Subscribing to A False Tax Return;
42 U.S.C. § 408(a)(4) - Failure to Disclose Event Affecting
Payment; 18 U.S.C. § 641 - Theft of Government Funds;
42 U.S.C. § 408(a)(3) - False Statement for Use in Determining
Rights to Payment

*A true bill,*

_ _ _ _ _ _ _ _ _ _ _ _ _ /s/ _ _ _ _ _ _ _ _ _ _ _ _ _
*Foreman.*

*Filed in open court this* _ _ _ _ 15 _ _ _ _ _ _ *day*

*of* _ _ OCTOBER _ _ _ , A.D. 20 07 _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Clerk.*

**WARRANT: NO BAIL PENDING HEARING**

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _ _ _

GPO 863 525

DEFENDANT:          OBED UR RAHMAN

COUNT ONE:
VIOLATION:          18 U.S.C. § 371 - Conspiracy

PENALTY:            Not more than 5 years imprisonment,
                    Not more than $250,000 fine, or both; cost of prosecution;
                    3-years term supervised release.

COUNT TWO:
VIOLATION:          26 U.S.C. § 7206(1) - Subscribing to a False Tax Return

PENALTY:            Not more than 3 years imprisonment,
                    Not more than $100,000 fine, or both;
                    1-year term supervised release.

COUNT FOUR:
VIOLATION:          42 U.S.C. § 408(a)(4) - Failure to Disclose Event Affecting Payment

PENALTY:            Not more than 5 years imprisonment,
                    Not more than $250,000 fine, or both;
                    3-year term supervised release.

COUNT FIVE:
VIOLATION:          18 U.S.C. § 641 - Theft of Government Funds

PENALTY:            Not more than 10 years imprisonment,
                    Not more than $250,000 fine, or both;
                    3-year term supervised release.

COUNT SIX:
VIOLATION:          42 U.S.C. § 408(a)(3) - False Statement for Use in Determining Rights to Payment

PENALTY:            Not more than 5 years imprisonment,
                    Not more than $250,000 fine, or both;
                    3-year term supervised release.

ASSESSMENT:         Mandatory $100 special assessment each count.

DEFENDANT:        MOHAMMAD NASIR KHAN

COUNT ONE:
VIOLATION:        18 U.S.C. § 371 - Conspiracy

PENALTY:          Not more than 5 years imprisonment,
                  Not more than $250,000 fine, or both;
                  3-years term supervised release.

COUNT THREE:
VIOLATION:        26 U.S.C. § 7206(1) - Subscribing to a False Tax Return

PENALTY:          Not more than 3 years imprisonment,
                  Not more than $100,000 fine, or both;
                  1-year term supervised release

ASSESSMENT:       Mandatory $100 special assessment each count.

PENALTY SLIP

DEFENDANT:       SHAKER AHMED

COUNT ONE:
VIOLATION:       18 U.S.C. § 371 - Conspiracy

PENALTY:         Not more than 5 years imprisonment,
                 Not more than $250,000 fine, or both;
                 3-years term supervised release.

ASSESSMENT:      Mandatory $100 special assessment.